IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WILLIAM BURTON, | § | |
| | § | No. 699, 2013 |
| Defendant Below-Appellant, | § | |
| | § | Court Below:  Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below-Appellee. | § | |

Submitted: June 8, 2016
Decided:    June 8, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **VAUGHN**, Justices.

## O R D E R

This 8th day of June 2016, upon consideration of the parties' briefs and the record below, it appears to the Court that the defendant in this case alleges that his conviction should be set aside because his home was searched in violation of the Fourth Amendment and that he should have received a new trial because of the misconduct at the OCME.  Both of these arguments were addressed and rejected in written decisions of our Superior Court, and we affirm the defendant's conviction on the basis of the Superior Court's decisions.[1]

---

[1] *See State v. Burton*, 2013 WL 4852342 (Del. Super. Sept. 9, 2013); *State v. Burton*, ID. No. 1301022871 (Del. Super. Nov. 30, 2015); *see also Cannon v. State*, 127 A.3d 1164, 1167–68 (Del. 2015); *Aricidiacono v. State*, 125 A.3d 677, 678–80 (Del. 2015); *Brown v. State*, 117 A.3d 568, 580–81 (Del. 2015); *Brown v. State*, 108 A.3d 1201, 1205–06 (Del. 2015).

NOW, THEREFORE, IT IS ORDERED that the Superior Court's judgments of September 9, 2013 and November 30, 2015 are AFFIRMED.

BY THE COURT:

/s/ Leo E. Strine, Jr.

Chief Justice